IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-132-FL

| | | |
|---|---|---|
| CAROLYN L. DEMERCURIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 25, 28). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and affirm the decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court declines to adopt the recommendation of the magistrate judge, grants plaintiff's motion, denies defendant's motion and remands this case to the Commissioner.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") on June 9, 2006, alleging a disability onset date of January 20, 2006. Her application was denied initially and on reconsideration. Plaintiff brought her claim before an administrative law judge ("ALJ"), who held a hearing on August 14, 2008. On October 28, 2008, the ALJ issued a decision denying Plaintiff's

application for DIB. Plaintiff then requested a review of the ALJ's decision by the Appeals Council ("AC") and submitted additional evidence as part of the request.

This additional evidence included a medical report from Dr. Frank Parker, Assistant Professor of Surgery at the Brody School of Medicine at East Carolina University. The report was dated December 23, 2008, but noted that plaintiff saw Dr. Parker in March 2008. The report contained information regarding plaintiff's chronic venous disease. Specifically, Dr. Parker observed that plaintiff is able to sit for less than an hour before she will have to get up and move or put her legs up for her discomfort, and that she requires a cane and a walker to get around. Dr. Parker further noted the pain plaintiff was experiencing, and noted significant limitations in plaintiff's ability to get around and to work. On July 27, 2010, the AC admitted this additional evidence into the record but denied Plaintiff's request for review. The ALJ's decision thus became the final decision of the Commissioner. Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). Plaintiff requests that the Commissioner's decision be reversed, or, in the alternative, the matter be remanded for consideration of the new evidence.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales. 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more

than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that plaintiff is no longer engaged in substantial gainful employment. At step two, the ALJ found that plaintiff suffers from the following severe impairments: (1) venous insufficiency of the legs; (2) morbid obesity; and (3) hypertension. However, the ALJ determined that these impairments or combination of impairments were not severe enough to meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Based on the medical record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work. The ALJ then proceeded with step four of his analysis and determined that plaintiff is capable of performing her past relevant work as a secretary for hospitals and as a print marketing coordinator. Based on these findings, the ALJ determined that plaintiff was not under a disability from January 20, 2006, the alleged onset date, through March 31, 2008, the date she was last insured.

Plaintiff raises three specific objections to the M&R. Plaintiff objects to the finding that the ALJ properly assessed plaintiff's credibility. Plaintiff's second and third objections relate to the new evidence from Dr. Parker. Plaintiff objects to the magistrate judge's conclusion that the new evidence from Dr. Parker submitted to the AC did not warrant remand. Plaintiff also objects to the magistrate judge's conclusion that the evidence submitted to the district court is not new and material. For the reasons set forth below, the court agrees with plaintiff that the new evidence from Dr. Parker submitted to the AC warrants remand, and should be considered because it is from plaintiff's treating physician and is new and material.[1]

---

[1] Because the court finds that remand is warranted based on new evidence, it does not address plaintiff's first objection, whether the ALJ's finding of credibility was supported by the substantial weight of the evidence.

When submitting new evidence to the AC, there is no requirement that a claimant show good cause. Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991); 20 C.F.R. § 404.970(b). If new and material evidence is submitted, the AC shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. See 20 C.F.R. § 404.970(b). Even though the AC may ultimately decline review, it must consider new and material evidence. Evidence is new within the meaning of the social security regulations if it is "not duplicative or cumulative." Id. at 96. Evidence is material is there is a reasonable possibility that the new evidence would have changed the outcome. Id. This court finds that the AC was required to consider the new evidence in the form of Dr. Parker's report. See Wilkins, 953 F.2d at 95.

As noted above, plaintiff presented new evidence before the AC, and again in her appeal from the Commissioner's decision. The new evidence presented to the AC was a report from her treating physician, Dr. Frank Parker.[2] The report notes plaintiff's chronic venous disease, her inability to sit for an hour, her need for a walker or cane to get around, and the fact that plaintiff is significantly limited in her ability to get around and work. The report is dated December 23, 2008, months after the ALJ's decision. However, the report states that plaintiff visited Dr. Parker in March 2008, thus it relates to the period on or before the ALJ's decision.[3] See § 404.970(b). The record is unclear why Dr. Parker's reports from the March 2008 visit were not included in the record

---

[2] The parties do not dispute that Dr. Parker is properly considered plaintiff's treating physician.

[3] Plaintiff acknowledges that most of Dr. Parker's treatment occurred after the date plaintiff was last insured for DIB. However, medical evaluations made subsequent to the expiration of a claimant's insured status may be relevant to prove a previous disability and are not barred from consideration. Woolridge v. Bowen, 816 F.2d 157, 169 (4th Cir. 1987).

5

Case 4:10-cv-00132-FL   Document 35   Filed 07/26/11   Page 5 of 9

submitted to the ALJ.[4] However, as noted above, plaintiff need not show good cause for submitting new evidence to the AC. Wilkins, 953 F.2d at 96. As for the other new evidence from Dr. Parker that plaintiff failed to submit, plaintiff was not represented by legal counsel when she appealed to the AC.

After admitting Dr. Parker's report into the record, the AC found no reason to review the ALJ's decision. In its notice to plaintiff, the AC made no specific findings regarding Dr. Parker's report. The magistrate judge found no error, citing King v. Barnhardt, 415 F.Supp.2d 607 (E.D.N.C. 2005), for the proposition that there is no per se rule to remand in all cases where the AC admits new evidence without a detailed assessment. Id. at 611 n.1. However, in addressing the AC's failure to make findings concerning the new evidence, the magistrate judge did not mention the fact that Dr. Parker is plaintiff's treating physician and that the ALJ did not have the benefit of Dr. Parker's report. That distinguishes King from the present case, and supports remand. In King, this court noted that "[i]f, for example, the new evidence contains an opinion of a treating physician that claimant was disabled, that opinion not having been addressed or contradicted by other evidence in the record, the great weight accorded to such an opinion would require remand." 415 F.Supp.2d at 611. The court finds that to be more analogous to the situation in this case.

As noted above, Dr. Parker is plaintiff's treating physician. As such, his opinion is accorded greater weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (per curiam); see also Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987) ("[The treating physician] rule requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is

---

[4] The transcript of the oral hearing reveals that plaintiff's counsel (who is no longer her counsel) noted at the hearing that he did not yet have the information from North Carolina (Tr. 58). Plaintiff states that her former attorney did not submit the records from North Carolina as he told the ALJ he would.

6

persuasive contradictory evidence."). The record did not contain Dr. Parker's report during the administrative hearing, and the ALJ did not have the benefit of the treating physician's report in making his decision. Thus, Dr. Parker's report is both new, in that the ALJ did not have it, and material, because it is the opinion of a treating physician who states that plaintiff is greatly limited in her ability to perform work. This opinion from a treating physician could reasonably change the outcome. Given the greater weight afforded a treating physician's opinion, when Dr. Parker's report was presented to the AC for the first time, it should have warranted at least an explanation of why the opinion of a treating physician did not merit review. See Sligh v. Astrue, 2011 WL 2144595, at *2 (D.S.C. 2011).

While the magistrate judge is correct in holding that the AC need not always explicitly defend its findings when it declines review after receiving new evidence, when new evidence from a treating physician who was treating plaintiff at the time of the administrative hearing but whose opinion was not considered by the ALJ is submitted on appeal, the AC should explain why the treating physician's report does not warrant review of the ALJ decision. This holding is supported by case law from this circuit. See, e.g., Thomas v. Commissioner of Social Sec., 24 Fed. App'x. 158, 162 (4th Cir. 2001); Sligh, 2011 WL 2144595, at *2 (D.S.C. 2011). In Thomas, the Fourth Circuit noted that from the record it was unable to discern whether the AC understood that the new evidence was from the claimant's treating physician. Thomas, 24 Fed. App'x at 162. While the factual scenario was slightly different in Thomas, the same problem presents itself here. Because the ALJ did not have the benefit of the treating physician's opinion, the AC was the first to receive the opinion, and its summary denial of review of plaintiff's claim does not acknowledge whether it understood that Dr. Parker was plaintiff's treating physician.

Additionally, the magistrate judge did not consider plaintiff's *pro se* status during her appeal when determining that she failed to show good cause for not presenting the AC with the remaining new evidence from Dr. Parker before it denied review. While the period from the issuance of the ALJ's decision on October 28, 2008, to the AC denial of review of July 27, 2010, is a lengthy one, as plaintiff notes in her objection, plaintiff was not represented by counsel during her appeal to the AC.

The Fourth Circuit has held that lack of representation by counsel during the administrative proceedings can form the basis for remand. Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). In Sims, the plaintiff was not represented by counsel during the ALJ hearing, which is not the case here. However, the gap in representation, in which plaintiff proceeded *pro se* in appealing the ALJ's decision, requires the court to consider her *pro se* status in determining whether good cause exists for failure to submit all of the new medical records to the AC. Because the absence of counsel likely prevented plaintiff from fully developing the record by omitting the additional evidence, the court finds remand would avoid any prejudice resulting from plaintiff's lack of counsel. As such, the court disagrees with the magistrate judge's conclusions regarding plaintiff's new evidence, and on remand, the ALJ should consider it with the entirety of the record. Whether or not that will result in a different finding regarding plaintiff's disability remains to be seen.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court declines to adopt the findings and recommendations of the magistrate judge. Plaintiff's motion for judgment on the pleadings (DE # 25) is GRANTED and

defendant's motion for judgment on the pleadings (DE # 28) is DENIED. The decision of the Commissioner is vacated, and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to close this case.

SO ORDERED, this the 26 day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge